UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
BRIGITTE STELZER,

                                              Plaintiff,

            -against-

ELECTRONIC INTERFACE ASSOCIATES, INC. and
EIA ELECTRIC, INC.,

                                              Defendants.
----------------------------------------------------------------------x

REPORT AND RECOMMENDATION

No. 22-CV-05234-NRM-JRC

JAMES R. CHO, United States Magistrate Judge:

      Plaintiff Brigitte Stelzer ("plaintiff") brings this copyright infringement action against defendants Electronic Interface Associates, Inc. and EIA Electric, Inc. (collectively, "defendants"), pursuant to the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq*.  *See generally* Am. Compl., Dkt. 25.  Plaintiff seeks statutory damages for willful copyright infringement and an award of attorney's fees and costs, arising out of defendants' unauthorized display of a photograph owned by and registered to plaintiff.  *See* Pl.'s Mem. of Law in Supp. Of her Mot. For Default J. ("Pl. Mem."), Dkt. 35 at ECF pages 21-32[1]; [Proposed] Default J., Dkt. 37.

      Upon plaintiff's application and defendants' failure to appear or otherwise defend this action, the Clerk of the Court noted the default of both defendants on November 28, 2023.  *See* Clerk's Entry of Default, Dkt. 33.  Currently pending before this Court, on a referral from the Honorable Nina R. Morrison, is plaintiff's motion for default judgment.  *See* Mot. for Default J., Dkt. 34; Order Referring Mot. dated Dec. 8, 2023.  For the reasons set forth below, the Court

---

[1] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

respectfully recommends granting plaintiff's motion for default judgment and awarding damages in the amount of **$5,000** and attorney's fees and costs in the amount of **$1,427**.

## Background

The following facts are drawn from plaintiff's amended complaint and are accepted as true for purposes of this motion. Defendants Electronic Interface Associates, Inc. and EIA Electric, Inc. operate a website known as www.eia.us ("website"). *See* Am. Compl. ¶ 3. Defendants maintain a principal place of business at 31-00 47th Avenue, Long Island City in Queens County, New York. *See id.* ¶¶ 6, 7.

Plaintiff is a professional photographer, who licenses her pictures for various uses including online and print publications. *See id.* ¶¶ 2, 11. On December 13, 2019, plaintiff first published her photograph of New York City Housing Authority apartment buildings (the "photograph"). Am. Compl. ¶ 15; Am. Compl. Ex. 1, Dkt. 25-1. On January 11, 2020, plaintiff registered the photograph with the United States Copyright Office ("USCO") under Registration No. VA 2-187-266. Am. Compl. ¶ 16. Plaintiff commercially licensed the photograph to a third-party news outlet. *Id.* ¶ 17. On or about December 6, 2020, without permission or authorization from plaintiff, defendants displayed an exact copy of the photograph on its website. *Id.* ¶¶ 21-27; Am. Compl. Ex. 2, Dkt. 25-2. Plaintiff alleges that defendants received financial benefit and advertising revenues directly from the infringement through increased traffic to the website. Am. Compl. ¶¶ 36-38. Plaintiff alleges direct copyright infringement, pursuant to 17 U.S.C. § 501 *et seq.*, and seeks statutory damages for willful copyright infringement, pursuant to 17 U.S.C. § 504(c).

**Procedural History**

On September 1, 2022, plaintiff commenced this action against only Electronic Interface Associates, Inc. ("Electronic Interface"). *See generally* Compl., Dkt. 1. Plaintiff served Electronic Interface on September 7, 2022. *See* Dkt. 7. After defendant Electronic Interface failed to appear, answer, or otherwise respond to the complaint, the Clerk of the Court noted Electronic Interface's default. *See* Clerk's Entry of Default dated Oct. 28, 2022, Dkt. 10.

On January 11, 2023, plaintiff filed her first motion for default judgment against Electronic Interface. *See* Dkt. 12. However, while the default motion was pending, on April 18, 2023, plaintiff moved for leave to file an amended complaint. *See* Dkt. 20.

On April 20, 2023, the Court granted plaintiff's motion to amend the complaint, and plaintiff withdrew her first motion for default judgment. *See* Dkt. entry dated Apr. 20, 2023; Dkt. 21. On May 25, 2023, plaintiff filed an amended complaint alleging the same cause of action (*i.e.*, Direct Copyright Infringement, 17 U.S.C. §501 *et seq.*) as set forth in the original complaint, but adding EIA Electric, Inc. ("EIA") as a defendant. *See* Dkt. 25.

Plaintiff served EIA with the summons and amended complaint on August 11, 2023. *See* Dkt. 29. After EIA and Electronic Interface failed to answer or otherwise respond to the amended complaint, on November 28, 2023, the Clerk of the Court entered default against both defendants. *See* Dkt. 33. The instant motion for default judgment followed. *See* Dkt. 34.

**Service on Defendants**

Plaintiff served defendants Electronic Interface with the summons and complaint through New York's Secretary of State on September 7, 2022. *See* Dkt. 7. Plaintiff subsequently served defendants EIA with the summons and amended complaint through New York's Secretary of State on August 11, 2023. *See* Dkt. 29. Based on the affidavits of service, this Court finds that

3

plaintiff properly served these two corporate defendants. Rule 4 of the Federal Rules of Civil Procedure permits service on a corporation in a manner authorized by the law of the forum state. *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). New York law provides for service of process on a corporation by personally delivering process to New York's Secretary of State. *See* N.Y. Bus. Corp. Law § 306(b)(1). In addition, Rule 4 provides for service on a "corporation . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). New York's Secretary of State qualifies as an "agent authorized by appointment or by law to receive service of process" under Rule 4. *See Dacas v. Duhaney*, No. 17-CV-3568, 2023 WL 6297530, at *5 (E.D.N.Y. Sept. 8, 2023), *report and recommendation adopted*, 2023 WL 6294227 (E.D.N.Y. Sept. 27, 2023).

Moreover, plaintiff was not required to serve the amended complaint on Electronic Interface. Rule 5(a)(2) of the Federal Rules of Civil Procedure "contains an exception that '[n]o service is required on a party who is in default for failing to appear,' unless the document is a pleading containing new claims against that party." *Georg Neumann GmbH v. GoToToolz, Ltd.*, No. 23-CV-5808, 2024 WL 3344013, at *2 n.1 (E.D.N.Y. July 9, 2024) (quoting *Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187, 2014 WL 860019, at *6 (E.D.N.Y. Mar. 5, 2014)); Fed. R. Civ. P. 5(a)(2); *see also De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (where "the amended complaint did not assert any new claims against [defendant]" but "merely clarified the basis for [the defaulting defendant's] liability," defendant "was therefore not entitled to service under Rule 5"). Plaintiff's amended complaint did not contain any new claims against defendant Electronic Interface and service of the amended complaint on Electronic Interface was not required. *See Georg Neumann*, 2024 WL 3344013, at *2 n.1.

4

## Discussion

I.   **Default Judgment**

Under Rule 55 of the Federal Rules of Civil Procedure, there are two steps to entering a default judgment.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, the Clerk of the Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case.  Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default").  This first step is nondiscretionary.  *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).  Second, after the Clerk of the Court enters a defendant's default, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment.  *See* Fed R. Civ. P. 55(b)(2).

Here, on November 28, 2023, the Clerk of the Court entered default against defendants after they failed to appear to respond to the pleadings in this action.  *See* Dkt. 33.  To date, defendants have not appeared or moved to vacate the entry of default.

Whether or not a default judgment is issued is within the discretion of the court.  When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default

5

judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

"Default judgments are generally disfavored and are reserved for rare occasions." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Enron Oil Corp.*, 10 F.3d at 96) (internal quotation marks omitted). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that a district court must balance that interest with its responsibility to "afford[] litigants a reasonable chance to be heard." *Enron Oil Corp.*, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," doubts should be resolved in favor of the defaulting party. *See id.* at 95. Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because defendants are in default. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

Once the Clerk enters a certificate of default, a defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992) (citations omitted). A fact is not considered well-pleaded, however, "if it is inconsistent with [the] other allegations of the complaint or with facts of which the court can take judicial notice, or is contrary to uncontroverted material in the file of the case." *Hop Hing Produces Inc. v. Lin Zhang Trading Co.*, Inc., No. 11-CV-3259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (citations and internal quotation marks omitted). Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound

6

discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (quoting *Enron Oil Corp.*, 10 F.3d at 95); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).

"In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default." *Double Green Produce, Inc. v. Forum Supermarket Inc.*, No. 18-CV-2660, 2019 WL 1387538, at *2 (E.D.N.Y. Jan. 29, 2019) (citing *Enron Oil Corp.*, 10 F.3d at 96; *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)). "These factors are 1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Double Green Produce*, 2019 WL 1387538, at *2 (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)) (internal quotation marks omitted).

As to the first factor, "a defendant's nonappearance and failure to respond sufficiently demonstrates willfulness." *Luna v. Gon Way Constr., Inc.*, No. 16-CV-1411, 2017 WL 835321, at *4 (E.D.N.Y. Feb. 14, 2017), *report and recommendation adopted*, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017) (collecting cases). Here, the defaulting defendants have not responded to the pleadings or the motion for default judgment despite proper service. *See* Dkts. 7, 29, 38. Accordingly, the defaulting defendants' failure to respond to the pleadings or the instant motion demonstrates that defendant's default is willful.

As to the second factor, the defaulting defendants' failure to appear in this action has left the Court unable to assess whether defendants have a meritorious defense. This weighs in favor of granting a default judgment. *See Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 143

(E.D.N.Y. 2013) ("Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations, and, accordingly, this factor weighs in favor of granting a default judgment.").

With respect to the third factor, because the defaulting defendants have demonstrated a refusal to engage in this action, "there are no additional steps available to secure relief [against defendants] in this Court." *Trs. of Bldg. Trades Educ. Benefits Fund v. Romero Elec. LLC*, No. 19-CV-3515, 2021 WL 3604811, at *4 (E.D.N.Y. July 19, 2021) (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)), *report and recommendation adopted*, 2021 WL 3603613 (E.D.N.Y. Aug. 13, 2021). The Court thus finds that the prejudice factor weighs in favor of default judgment.

Accordingly, the Court recommends finding that the defaulting defendants' failure to answer or otherwise respond to the pleadings constitutes an admission of the factual allegations therein. The Court now assesses whether the facts establish defendants' liability for copyright infringement under the Copyright Act.

**II.    Liability**

Plaintiff's allegations set forth in the amended complaint state a valid claim for copyright infringement. Section 106 of the Copyright Act affords a copyright owner, "the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . ; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership . . . ." 17 U.S.C. § 106; *see Premium Sports Inc., v. Mendes*, No. 17-CV-1309, 2018 WL 2078488, at *4 (E.D.N.Y. Mar. 1, 2018), *report and recommendation adopted*, Order (E.D.N.Y Mar. 16, 2018). Pursuant to the Act, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided

8

by sections 106 through 122 . . . is an infringer of the copyright or right of the author." 17 U.S.C. § 501.  To establish copyright infringement, plaintiff must establish:  "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'n, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row Publishers, Inc. v. National Enter.*, 471 U.S. 539, 548 (1985)); *Ferrarini v. Irgit*, No. 21-CV-597, 2022 WL 1739725 (2d Cir. May 31, 2022).  "The word copying is shorthand for the infringing of any of the copyright owner's [] exclusive rights described in § 106." *Jeremiah v. 5 Towns Jewish Times, Inc.*, No. 22-CV-5942, 2023 WL 6593997, at *4 (E.D.N.Y. Aug. 9, 2023) (quoting *Malibu Textiles, Inc. v. Sentimental NY*, No. 14-CV-2576, 2016 WL 3620787, at *5 (S.D.N.Y. June 28, 2016)), *report and recommendation adopted*, 2023 WL 5713698 (E.D.N.Y. Sept. 5, 2023).

"[A] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright."  *Jeremiah*, 2023 WL 6593997, at *4 (citation omitted); *see also Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980) (citing 17 U.S.C. § 410(c)); *Joe Hand Promotions, Inc. v. Rosero*, No. 19-CV-792, 2020 WL 2572328, at *4 (E.D.N.Y. Feb. 18, 2020), *report and recommendation adopted*, Order (E.D.N.Y. Mar. 5, 2020).  On a motion for default judgment where the allegations in a complaint are accepted as true, a mere allegation of the registration of a copyright, even without producing a certificate or other evidence of registration, is sufficient.  *See Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378, 2019 WL 1061259, at *3 (E.D.N.Y. Feb. 13, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 5, 2019); *see also Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013) ("Plaintiffs need only allege . . . that plaintiff owns the copyrights in those works and that

the copyrights have been registered in accordance with the statute[.]") (internal quotation marks and citation omitted). The presumption of validity of the copyright is rebuttable and shifts the burden of proof to defendants to show the invalidity of plaintiff's copyright. *See Fonar Corp v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997).

Here, with respect to the first element of infringement, plaintiff alleges that she is the sole copyright owner of the photograph, and that the photograph was registered with the USCO under Registration No. VA 2-187-266. Am. Compl. ¶¶ 11, 13, 14, 16. The amended complaint includes a copy of the photograph, Dkt. 25-1, and cites the registration number of the copyright, *see* Am. Compl. ¶ 16. Plaintiff also included with her motion papers the public record of plaintiff's copyright registration, as maintained by the U.S. Copyright Office's public catalog website. *See* Dkt. 36-4. Plaintiff has satisfied the first element required to establish a claim for infringement because she holds a valid copyright in the photograph. *See Wright v. Edwards*, No. 21-CV-6063, 2022 WL 17820247, at *7 (E.D.N.Y. July 18, 2022); *Rosero*, 2020 WL 2572328, at *4.

With respect to the second required element, plaintiff must demonstrate that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's [work]." *Jeremiah*, 2023 WL 6593997, at *5 (internal quotation marks and citation omitted); *see Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001); *Rosero*, 2020 WL 2572328, at *4. "If the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995) (internal quotation marks and citation omitted).

10

Here, plaintiff has provided a comparison of the original photograph with the photograph displayed by defendants, demonstrating that they are virtually identical. *Compare* Am. Compl. Ex. 1, Dkt. 25-1, *with id.* Ex. 2, Dkt. 25-2. In addition, plaintiff alleges in the amended complaint that her photographs are "original, creative works." Am. Compl. ¶ 14. Having defaulted in this case, defendants have failed to dispute that plaintiff's work is original. *See Rosero*, 2020 WL 2572328, at *4.

Accordingly, plaintiff has established that defendants infringed her rights under the Copyright Act by displaying the photograph without authorization, and plaintiff is entitled to entry of a default judgment with respect to liability.

### III. Relief

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). "Because the extent of the damages pleaded by a plaintiff is not deemed to be established by the default, the Court must conduct 'an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Trs. of Loc. 7 Tile Indus. Welfare Fund v. All Flooring Sols., LLC*, No. 19-CV-126, 2020 WL 9814088, at *3 (E.D.N.Y. Feb. 12, 2020) (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

## A. Statutory Damages under the Copyright Act

Under the Copyright Act, a prevailing plaintiff may choose "to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work" of between $750 and $30,000 per infringement, "as the court considers just." *See* 17 U.S.C. § 504(c)(1). "[W]here the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § (c)(2). Willfulness may be inferred where, as here, defendants have defaulted. *See, e.g., Wright*, 2022 WL 17820247, at *8; *Farrington v. Sell It Soc., LLC*, No. 18-CV-11696, 2020 WL 7629453, at *1 (S.D.N.Y. Dec. 21, 2020).

District courts have "wide discretion" under the Copyright Act in setting the statutory damages award. *See Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986). Courts in the Second Circuit consider the following factors when determining the appropriate amount of statutory damages:

> [i] the expenses saved and the profits reaped by the infringer, [ii] revenues lost by the plaintiffs, [iii] the value of the copyright, [iv] the deterrent effect of the award on others besides the defendant, [v] whether the defendant's conduct was innocent or willful, [vi] whether defendant has cooperated in providing particular records from which to assess the value of the infringing material produced, and [vii] the potential for discouraging the defendant.

*Noble v. Crazetees.com*, No. 13-CV-5086, 2015 WL 5697780, at *6 (S.D.N.Y. Sept. 28, 2015); *see Wright*, 2022 WL 17820247, at *8. In addition, "allowance must be made for the fact that the defendant's failure to appear limits that which plaintiff can show." *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643, 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020) (citing *Streamlight, Inc. v. Gindi*, No. 18-CV-987, 2019 WL 6733022, at *17 (E.D.N.Y. Oct. 1, 2019)).

"Statutory damages need not be directly correlated to actual damages, but they ought to bear some relation to actual damages suffered." *Parsons v. Bong Mines Ent. LLC*, No. 19-CV-813, 2021 WL 931506, at *9 (E.D.N.Y. Feb. 18, 2021) (quoting *Mantel v. Smash.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019)), *report and recommendation adopted*, 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021); *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149, 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020). It is common practice for courts to base their statutory damage assessments on "the [copyright] owner's loss of the fair market value of the license fees he might have exacted of the defendant." *McGlynn v. Cube New York Inc.*, No. 20-CV-4546, 2021 WL 1338955, at *3 (S.D.N.Y. Apr. 9, 2021) (quoting *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001)); *see also Prepared Food Photos, Inc. v. Trip Rest. LLC*, No. 22-CV-7953, 2023 WL 2955298, at *4 (S.D.N.Y. Apr. 14, 2023).

As plaintiff argues, under the Copyright Act, the copyright owner may recover statutory damages, "'even if he has intentionally declined to offer such evidence [as to actual damages], although it was available.'" *CJ Prods., LLC v. Your Store Online LLC*, No. 11-CV-9513, 2012 WL 2856068, at *2 n.4 (S.D.N.Y. July 12, 2012) (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[A] (2009 ed.)), *report and recommendation adopted*, 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012); *UMG Recordings, Inc. v. Griffin*, No. 08-CV-274, 2008 WL 4974856, at *2 (N.D.N.Y. Nov. 24, 2008) ("plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits") (internal quotation marks and citation omitted). However, under Second Circuit law, the amount of the statutory damages to be awarded is governed by the factors set forth above. In the absence of any evidence of lost revenues or defendants' profits, the Court "may infer that any revenue lost by Plaintiff and profits by Defendant are *de minimis*."

13

*Alvarado v. VNY Media Corp.*, No. 21-CV-4565, 2022 WL 2834655, at *5 (E.D.N.Y. July 20, 2022) (quoting *Haker v. Tentree Int'l Inc.*, No. 20-CV-1499, 2021 WL 3884195, at *4 (E.D.N.Y. Aug. 31, 2021)); *see also Simons v. Brigade USA Inc.*, No. 21-CV-5311, 2022 WL 4115369, at *6 (E.D.N.Y. July 27, 2022).

Here, plaintiff seeks to recover $10,000 in statutory damages. *See* [Proposed] Default J.; Pl. Mem., Dkt. 35 at ECF pages 21-30. However, in single photo infringement cases, courts in this District have more often awarded between $1,000 and $5,000 where a plaintiff declined to provide evidence of lost licensing fees on a motion for default judgment. *See Simons*, 2022 WL 4115369, at *6; *Alvarado*, 2022 WL 2834655, at *5 ("[c]ourts in this Circuit have typically awarded statutory damages between $1,000 and $5,000 in cases of single use copyright infringement"); *Farrington v. Jewish Voice Inc.*, No. 21-CV-1575, 2022 WL 541645, at *5 (E.D.N.Y. Feb. 23, 2022). Considering the relevant factors, defendants' default establishes that defendants' copyright infringement was willful. *See Jewish Voice*, 2022 WL 541645, at *5; *Parsons*, 2021 WL 931506, at *8. Similarly, defendants' default establishes its lack of cooperation "in providing evidence concerning the value of the infringing material." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

On the other hand, in this case, there are no aggravating factors that have justified higher awards in other cases. Here, plaintiff has identified only one act of infringement. Plaintiff does not allege removal of accreditation for the photograph. Further, plaintiff has not presented evidence that she attempted to notify defendants of the infringing conduct or that defendants refused to end their infringing activity. Plaintiff has not moved for injunctive relief, and has presented no evidence of actual harm. In the absence of any evidence of lost revenues or defendants' profits, the Court finds reasonable an award of **$5,000** in statutory damages. *See*

14

*Fallows v. Vos Iz Neias LLC*, No. 22-CV-7964, 2023 WL 7497080, at *7 (E.D.N.Y. Oct. 25, 2023); *Seelie*, 2020 WL 136659, at *5; *Hirsch v. Sell It Soc., LLC*, No. 20-CV-153, 2020 WL 5898816 (S.D.N.Y. Oct. 5, 2020); *McGlynn*, 2021 WL 1338955, at *3; *Hirsch*, 2020 WL 5898816, at *5; *Mango v. Pacifica Found., Inc.*, No. 18-CV-6318, 2019 WL 569073, *1 (E.D.N.Y. Feb. 11, 2019) (awarding $5,000 as "sufficient to compensate the plaintiff and to punish the defendant for its willful infringement when the plaintiff offered no evidence regarding actual damages or the market value of the copyrighted photographs"), *vacated on other grounds*, 2019 WL 4134776 (E.D.N.Y. May 2, 2019). "This amount is 'above the statutory minimum, to account for the willful actions of [d]efendant[s] and the need to deter others, but well below the statutory maximum given the dearth of other evidence." *Alvarado*, 2022 WL 2834655, at *5 (quoting *Haker*, 2021 WL 3884195, at *5); *Parsons*, 2021 WL 931506, at *9 (where defendant "is not "a serial copyright infringer," or "continu[ing] to infringe copyrights in spite of repeated notices of infringement, this factor weighs against an award of substantial statutory damages").

### B. Attorney's Fees and Costs

Plaintiff seeks to recover $1,620 in attorney's fees and $480 in costs. *See* Pl. Mem. at ECF page 20.[2]  Under the Copyright Act, a court may "in its discretion . . . award a reasonable attorney's fee to the prevailing party." *See* 17 U.S.C. § 505. "When determining whether to award attorney[']s fees [in copyright cases], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and

---

[2] In counsel's declaration in support of plaintiff's motion, counsel stated that "[p]laintiff seeks *$1140.00* in attorneys' fees and *$440.00* in costs . . . ." Dkt. 36 at ¶ 16 (emphasis added).  The fees and costs set forth in paragraph 16 appear to be typographical errors in light of the "statement of fees" set forth in paragraph 19 of counsel's declaration.  Dkt. 36 at ¶ 19 (calculating attorney's fees of $1620 and costs of $480).

15

deterrence." *Hirsch v. F. Daily Inc.*, No. 18-CV-6531, 2021 WL 1158562, at *8 (E.D.N.Y. Feb. 9, 2021) (alterations in original, quoting *Bryant*, 603 F.3d at 144), *report and recommendation adopted*, 2021 WL 1163153 (E.D.N.Y. Mar. 26, 2021). Here, the Court finds an award of attorney's fees warranted given defendants' willful conduct and default. *See Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 243 (S.D.N.Y. 2023).

The Court turns to the reasonableness of plaintiff's fee application. District courts have wide discretion when determining the reasonableness of attorney's fees. *See Phillips v. TraxNYC Corp.*, No. 21-CV-528, 2023 WL 1987206, at *11 (E.D.N.Y. Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 2532066 (E.D.N.Y. Mar. 14, 2023); *Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CV-3372, 2019 WL 5694104, at *14 (E.D.N.Y. Aug. 16, 2019), *report and recommendation adopted*, 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020). "The starting point of the attorney's fee calculation is the 'lodestar' method, under which fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668-69 (S.D.N.Y. 2001); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar method is essentially "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). In addition, the "forum rule" provides that a district court should generally use the prevailing hourly rates in the district where it sits. *See Simmons*, 575 F.3d at 175-76. A judge may determine prevailing rates based on evidence presented or his or

16

her own knowledge of rates charged in the community. *See Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058-59 (2d Cir. 1989).

The party seeking fees also bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. *See Cruz v. Local Union No. 3 of the Int'l Bhd. Of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir 1994). A request for attorneys' fees must be supported by contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

### 1. Reasonable Hourly Rate

Plaintiff's counsel, James H. Freeman, seeks an award of fees at the hourly rate of $600. *See* Decl. of James H. Freeman ("Freeman Decl.") ¶ 18, Dkt. 36. Plaintiff's attorney is a senior associate who has been practicing law for more than twenty years in the field of intellectual property law. *See id.* ¶ 17. He has served as counsel of record on behalf of copyright holders in more than 600 infringement actions. *See id*.

"In copyright cases, courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff." *Sadowski v. Digital One Media Ltd.*, No. 22-CV-5366, 2023 WL 8530124, at *5 (E.D.N.Y. July 24, 2023); *Sadowski v. Yeshiva World News, LLC*, No. 21-CV-7207, 2023 WL 2707096, at *9 (E.D.N.Y. Mar. 16, 2023), *report and recommendation adopted*, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023). Accordingly, this Court finds Mr. Freeman's requested hourly rate excessive when compared to attorney's fee awards in this District, including fee awards to Mr. Freeman for similar copyright infringement cases. *See, e.g.*, *Digital One Media*, 2023 WL 8530124, at *5 (reducing Mr. Freeman's

17

requested $600 hourly rate to $350); *Alvarado*, 2022 WL 2834655, at *5; *Simons*, 2022 WL 4115369, at *8. The Court, therefore, recommends awarding plaintiff attorney's fees based on an hourly rate of **$350** for Mr. Freeman's services.

### 2. Hours Spent on the Case

Next, the Court considers whether the time Mr. Freeman spent on this litigation is reasonable. "While it is permissible to provide a summary of time records (such as may appear on an invoice) in lieu of actual records, a person with knowledge must still provide the court with competent evidence that the summary is in fact based on time records that were contemporaneously made by each attorney seeking fees." *Jewish Voice*, 2022 WL 541645, at *7. Here, counsel submitted a "Statement of Fees" without providing any indication that it was based on contemporaneous time records. *See* Freeman Decl. ¶ 19. Although the court would be well within its discretion to deny an award of attorney's fees in the absence of contemporaneous time records, here, since counsel seeks compensation for only 2.7 hours, the Court finds the hours expended in this action reasonable. *See Parsons*, 2021 WL 931506, at *13 (finding four hours reasonable in the absence of contemporaneous time records). Therefore, this Court recommends awarding plaintiff **$945** in attorney's fees based on 2.7 hours at the rate of $350 per hour (2.7 x $350).

### 3. Costs

Finally, plaintiff requests $480 in costs for the court filing fee and service of process fees. *See* Freeman Decl. ¶ 19. Under the Copyright Act, the court has discretion to award costs to the prevailing party. *See Phillips*, 2023 WL 1987206, at *11 (citing 17 U.S.C. § 1203(b)(4)); *Alvarado*, 2022 WL 2834655, at *5 (citing 17 U.S.C. § 505). Court filing fees are recoverable

18

even "without supporting documentation if verified by the docket." *Martinka v. Yeshiva World News, LLC*, No. 20-CV-5330, 2022 WL 4484655, at *8 (E.D.N.Y. Sept. 27, 2022).

Here, the docket reflects that plaintiff paid the $402 filing fee in this case. *See* Dkt. 1. The Court further finds $80 in service of process costs reasonable to effectuate service on defendants. *See Digital One Media*, 2023 WL 8530124, at *6 ("court filing fees and service costs . . . are typically awarded by courts"). The Court, therefore, recommends awarding plaintiff costs of **$482** ($402 + 80).[3]

### Conclusion

For the reasons set forth above, this Court respectfully recommends: (1) granting plaintiff's motion for a default judgment against defendants and entering judgment against the defaulting defendants for willful copyright infringement under the Copyright Act; (2) awarding plaintiff statutory damages of **$5,000** under 17 U.S.C. § 504(c) of the Copyright Act; and (3) awarding plaintiff **$945** in attorney's fees and **$482** in costs, for a total award of **$6,427**.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve on defendants a copy of this Report and Recommendation by overnight mail and first-class mail at their last known address, and to file proof of service on ECF by **August 26, 2024.** Any objections to the recommendations made in this Report must be filed with the Honorable Nina R. Morrison within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 4, 2024.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[3] Even though plaintiff sought reimbursement in the amount of $400 for the filing fee, *see* Freeman Decl. ¶ 19, Dkt. 36, Pl. Mem., Dkt. 35 at ECF page 32, the Court awards plaintiff the actual amount of the filing fee she paid (*i.e.*, $402).

19

Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
August 21, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge